THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BARBARA CARABALLO, a/k/a Bobbie Caraballe and Barbara Cockrell, Defendant-Appellant.

Second District   No. 2—90—1328

Opinion filed July 21, 1992.

Marc Kadish, of Chicago-Kent College of Law, of Chicago, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Defendant, Barbara Caraballo, was found guilty at a bench trial of four counts of delivering cocaine in violation of the Illinois Controlled Substances Act (Act) (Ill. Rev. Stat. 1989, ch. 56½, par. 1100 *et seq.*). She was thereafter sentenced to concurrent terms of 6, 10 and 24 years' imprisonment. This appeal is limited solely to the 24-year sentence, imposed under section 401 of the Act (Ill. Rev. Stat. 1989, ch. 56½, par. 1401), for defendant's delivery of 970.9 grams of cocaine.

Defendant argues that the super Class X statute mandating a sentence of "not less than 15 years and not more than 60 years with respect to 900 grams or more of *** cocaine" was not in effect at the time of her arrest. (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)(2)(D).) Alternatively, defendant argues that, if the statute was in effect, the trial judge failed to consider relevant mitigating circumstances when he imposed the 24-year sentence on defendant. We affirm.

Defendant was arrested on April 24, 1990, and indicted on four counts of delivering cocaine. Count I, which is of concern in this appeal, was based on her delivery of over 900 grams of cocaine on April 24, 1990. Following a bench trial at which 12 witnesses testified, defendant was found guilty of all four counts. On November 5, 1990, the trial judge imposed a sentence on defendant which included a 24-year sentence of imprisonment on count I.

We will first address defendant's argument that she was improperly sentenced under the Act since the relevant portion was effectively repealed by the Illinois General Assembly in 1989. The problem here lies in the fact that there are two different versions of section 401 of the Act (Ill. Rev. Stat. 1989, ch. 56½, par. 1401 ("Manufacture or delivery unauthorized by Act—Penalties")) in the 1989 Illinois Revised Statutes. Version I of section 401 was amended by Public Act 86—266 (1989 Ill. Laws 1893), which passed the legislature on June 19, 1989, and Public Act 86—442 (1989 Ill. Laws 2681), which passed the legislature on June 15, 1989. Version

I includes subparagraph 401(a)(2)(D), which allows a trial judge to impose a sentence of "not less than 15 years and not more than 60 years with respect to 900 grams or more of any substance containing cocaine, or any analog thereof." (Ill. Rev. Stat. 1989, ch. 56½, par. 401(a)(2)(D) (amended by Pub. Acts 86—266, eff. Jan. 1, 1990; 86—442, eff. Jan. 1, 1990) (Version I).) Version II of section 401 is based on Public Act 86—604 (1989 Ill. Laws 3295), which passed the legislature on June 27, 1989. (Ill. Rev. Stat. 1989, ch. 56½, par. 1401 (amended by Pub. Act 86—604, eff. Jan. 1, 1990) (Version II).) Version II does not contain a section similar to section 401(a)(2)(D) of Version I. The effective date for both Versions I and II was January 1, 1990.

Defendant argues that, since there are two conflicting versions of section 401, the version last acted on by the legislature—Version II—controls. She therefore contends that the trial judge's reliance on section 401(a)(2)(D) of Version I was without statutory authority. We disagree.

■■ Our analysis of these conflicting versions of section 401 is guided by section 6 of the Statute on Statutes (Ill. Rev. Stat. 1991, ch. 1, par. 1105), which states in pertinent part:

> "Two or more Acts which relate to same subject matter and which are enacted by the same General Assembly shall be construed together in such manner as to give full effect to each Act except in case of an irreconcilable conflict. In case of an irreconcilable conflict the Act last acted upon by the General Assembly is controlling to the extent of such conflict. ***
>
> An irreconcilable conflict between 2 or more Acts which amend the same section of an Act exists only if the amendatory Acts make inconsistent changes in the section as it theretofore existed." Ill. Rev. Stat. 1991, ch. 1, par. 1105.

See *Illinois v. Mikusch* (1990), 138 Ill. 2d 242, 254; *People v. Frye* (1983), 113 Ill. App. 3d 853, 859-60.

■■ ■ The general rule is that, when an act is amended so as to read as it is repeated in the amendatory act, portions of the old law not repeated are deemed repealed. (*County of Cook v. Renaissance Arcade & Bookstore* (1988), 122 Ill. 2d 123, 149-50; see Ill. Const. 1970, art. IV, §8(d) ("A bill expressly amending a law shall set forth completely the sections amended").) However, courts will strive to find harmony between legislative acts so as to give effect to the legislature's intent. For example, our supreme court has stated that, "[i]f the two enactments are capable of being construed so

that both may stand, the court should so construe them." (*People v. Ullrich* (1990), 135 Ill. 2d 477, 483; see *United Citizens v. Coalition to Let the People Decide in 1989* (1988), 125 Ill. 2d 332, 339 (statutes which are in apparent conflict should be construed as harmonious insofar as reasonably possible).) We further note that, when we determine the intent of the legislature as to a particular act or amendment, we are not confined to its literal language, but may consider its history and subsequent amendments. *In re Pronger* (1987), 118 Ill. 2d 512, 520.

■ At first, the two versions of section 401 of the Act appear to be incongruous. However, upon a reading of both versions and the relevant public acts, it is apparent that the legislature hastily passed the latter, Version II. The fifth sentence of Version II incorrectly refers to section 401.2, as that section had been repealed by the earlier public acts which were the basis for Version I (Pub. Acts 86—266, 86—442). Version I repealed section 401.2, which contained the relevant super Class X sentencing language at issue in this case, and incorporated that exact language into the body of amended section 401. Version II was passed eight days later and specifically prefaced the detailed sentencing section by stating "[e]xcept as provided in section 401.2." (Ill. Rev. Stat. 1989, ch. 56½, par. 1401.) The fact that Version II explicitly, although incorrectly, referred to section 401.2 is evidence that the legislature intended to keep the super Class X sentencing features within section 401. Further evidence of this is found in the recently amended version of section 401. (Ill. Rev. Stat. 1991, ch. 56½, par. 1401.) The 1991 version contains super Class X sentencing language identical to that found in Version I (1989). We conclude that Versions I and II of section 401 of the 1989 statutes can be read together so as to uphold the trial judge's use of the super Class X sentencing feature of Version I (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)(2)(D) (as amended by Pub. Acts 86—266, eff. Jan. 1, 1990; 86—442, eff. Jan. 1, 1990)).

We trust that, in the future, the legislature will use more care when amending the Controlled Substances Act (Ill. Rev. Stat. 1991, ch. 56½, par. 1100 *et seq.*). We agree with Justice Steigmann's special concurrence in *People v. Liberman* (1992), 228 Ill. App. 3d 639, 651-54, where he noted that, in the past 4½ years, the legislature passed 27 substantive amendments to the Act. Justice Steigmann expressed deep concern about such a "legislative frenzy" and the confusion that it entails. He noted the "confusion and uncertainty these frequent changes engender in the prosecutors and police who

have the duty of enforcing the drug laws." (228 Ill. App. 3d at 653.) We join Justice Steigmann in urging "calm deliberation" over future amendments to the Act.

■■ Defendant's final argument is that the trial court committed reversible error by not giving proper weight to certain mitigating evidence when he sentenced her to 24 years' imprisonment for delivering over 900 grams of cocaine. Defendant argues that the trial judge did not adequately consider her age (51 years), her medical condition (prior diagnoses of breast cancer, uterine cancer and high blood pressure), her lack of a criminal record and her contention that she was entrapped.

Sentencing is a matter for the trial court's discretion; we will not disturb a sentencing decision absent an abuse of that discretion. *People v. O'Neal* (1988), 125 Ill. 2d 291, 297-98; *People v. Garcia* (1991), 217 Ill. App. 3d 350, 352.

The 24-year sentence, which the trial court imposed upon defendant for delivering 970.9 grams of cocaine, fell within the statutory range of 15 to 60 years. (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)(2)(D) (as amended by Pub. Acts 86—266, eff. Jan. 1, 1990; 86—442, eff. Jan 1, 1990).) In comments from the bench, the trial judge stated that defendant engaged in three separate cocaine transactions within one week even though she was concerned about the consequences of criminal behavior on her family. The trial judge stated that he did not believe defendant's testimony and that defendant failed to show any genuine expression of "remorse for having delivered substantial amounts of cocaine into the community, except that she has been caught and must go to prison." He found that defendant has shown an "ability to deliver controled [*sic*] substances in substantial quantities on short notice" and no ability to reform herself. The trial judge then stated:

> "Rather than showing true remorse [for] delivering cocaine into the community, she views herself in some respect as the victim in this matter. I find that totally unwarranted. I find that her repeated delivery of controlled substances establishes the severity of her danger to the community. I find that she does not demonstrate the likelihood of rehabilitation and she is a serious threat to the community."

The sentencing judge need not set forth on the record each factor considered. (*People v. Meeks* (1980), 81 Ill. 2d 524, 534.) Where mitigating evidence is presented, as defendant alleges here, a court of review will presume that the judge considered it, absent some indication to the contrary. (*People v. Sawyer* (1985), 139 Ill. App. 3d

383, 387, *aff'd* (1986), 115 Ill. 2d 184.) Our review of the record and the sentencing hearing transcript leads us to conclude that the trial judge carefully weighed the evidence in mitigation and aggravation. We cannot agree with defendant's assertion that, in this case, the imposition of a 24-year sentence for the delivery of 970.9 grams of cocaine was an abuse of discretion.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and DUNN, JJ., concur.