THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WARDELL MONTGOMERY, Defendant-Appellant.

Fourth District   No. 4—92—0167

Opinion filed August 13, 1992.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant Wardell Montgomery appeals from an order of the circuit court of Livingston County dismissing his petition for post-conviction relief because it was not timely filed. The post-conviction petition was notarized December 31, 1991, but not postmarked until January 4, 1992.

Effective January 1, 1992, section 122—1 of the Code of Criminal Procedure of 1963 was amended to provide as follows:

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or issuance of the opinion from the Illinois Supreme Court or 6 months after the

date of the order denying certiorari by the United States Supreme Court or the date for filing such a petition if none is filed or 3 years from the date of conviction, whichever is later, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence." Ill. Rev. Stat. 1991, ch. 38, par. 122—1, amended by Pub. Act 87—580, §1, eff. Jan. 1, 1992 (1991 Ill. Laws 2855, 2856).

Prior to January 1, 1992, defendant would have had 10 years after the final judgment to file the post-conviction petition.

■■ Defendant contends the petition should be allowed to be filed because of its notarization on December 31, 1991, and, in the alternative, argues that he should at least be allowed to amend the petition to allege facts tending to excuse the delay.

Defendant was sentenced on April 4, 1988, and his conviction was affirmed by our court's decision in *People v. Montgomery* (1988), 176 Ill. App. 3d 367, 377, 531 N.E.2d 177, 184.

We have held that the timely deposit of a pleading in the prison mail system is adequate to comply with filing deadlines. (*People v. Pagel* (1990), 197 Ill. App. 3d 305, 307-08, 553 N.E.2d 1110, 1111; *People v. Easley* (1990), 199 Ill. App. 3d 179, 182, 556 N.E.2d 802, 804.) We have just so held with respect to another petition for post-conviction relief. (*People v. Johnson* (1992), 232 Ill. App. 3d 882.) We will not extend that ruling to give the same status to the date of notarization.

In this appeal, there is a suggestion that the petition was placed in the prison mail on December 31, 1991, but facts so stating were not alleged in the petition, for purposes of showing that the delay was not due to defendant's culpable negligence. The State contends this failure to allege should now prohibit setting forth justification for delay. We disagree.

If the petition was placed in the mail on December 31, 1991, and processed immediately, there would be reasonable expectation of arrival of the petition at the clerk's office on January 2, 1992, the first court day of 1992, in which case no excuse would need to be set forth. We will not charge defendant with assuming poor mail service.

However, as we have said, the December 31, 1991, mailing is only suggested. We find it necessary to remand, to allow the defendant an opportunity to amend the petition solely to allege facts showing that the delay was not due to his culpable negligence.

Reversed and remanded with directions.

GREEN, P.J., and KNECHT, J., concur.