THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER LEE, Defendant-Appellant.

Third District   No. 3—96—0520

Opinion filed November 17, 1997.

Michael J. Costello (argued), of Costello Law Office, of Springfield, for appellant.

Stewart Umholtz, State's Attorney, of Pekin (John X. Breslin and Rita Kennedy Mertel (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

This matter is an appeal from an order of the circuit court granting the People's motion to dismiss as untimely defendant's petition for postconviction relief. We affirm.

Christopher Lee was convicted of first degree murder and sentenced to an extended term of 80 years' imprisonment. His conviction and sentence were affirmed by this court in a Rule 23 order issued on July 31, 1990 (200 Ill. App. 3d 1116 (1990)). Lee did not file a petition for leave to appeal (PLA) with our supreme court. However, he subsequently filed with that court a petition for leave to file an untimely PLA, which was denied on April 7, 1994.

On September 12, 1994, Lee filed the petition for postconviction relief that is the subject of this appeal. The People moved to dismiss the petition, alleging that the petition was filed beyond the statute of limitations for filing postconviction petitions. In response to the People's motion, Lee presented his affidavit stating that he had exercised due diligence and he was not negligent in filing his petition. Lee argued that his petition was timely or, if it was untimely, the untimeliness should not be attributed to him. The circuit court granted the People's motion and dismissed Lee's petition. Lee appealed to this court.

■ Lee's primary argument on appeal is that his petition was timely as it was filed within six months of the denial of his PLA to the supreme court. We disagree. The statute in effect when Lee filed his petition for postconviction relief on September 12, 1994, provided the following:

"No proceedings under this Article shall be commenced more than 6 months after denial of a petition for leave to appeal or the date for filing such a petition if none is filed or issuance of the opinion from the Illinois Supreme Court or 6 months after the date of the order denying certiorari by the United States Supreme Court or the date for filing such a petition if none filed or 3 years from the date of conviction, whichever is later, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence." 725 ILCS Ann. 5/122—1 (Michie 1993).

■ Lee maintains that his petition for postconviction relief was timely as it was filed within six months of the supreme court's denial of his petition to file an untimely PLA. After reviewing the plain language of the statute, we find Lee's argument to be without merit. *People v. Ross*, 168 Ill. 2d 347 (1995) (purpose of statutory construc-

tion is to give effect to the intent of the legislature and that intent is best ascertained from the plain language of the statute).

The plain language of the statute requires a petition for postconviction relief to be filed within "6 months after denial of a petition for leave to appeal." 725 ILCS Ann. 5/122—1 (Michie 1993). Here, the supreme court did not deny a petition for leave to appeal, as one was never filed. Where no PLA is filed, the statute plainly reads that a petition for postconviction relief must be filed within six months of the date for filing the PLA. Under Supreme Court Rule 315(b) (134 Ill. 2d R. 315(b)), Lee had to file a PLA or an affidavit of intent to file a PLA within 21 days of July 31, 1990, the date his conviction was affirmed by the appellate court. He failed to do so. Under the plain language of section 122—1 in effect at the time, Lee had six months from August 20, 1990, to file his petition for postconviction relief. Since he failed to do so, his motion was untimely, and the circuit court was correct in so deciding.

■ Lee next contends that the circuit court erred in finding that the untimeliness of his petition for postconviction relief was due to his culpable negligence. We disagree. It is well settled that a petitioner has the burden of establishing that the delay in filing his postconviction petition was not due to his culpable negligence. *People v. Heirens*, 271 Ill. App. 3d 392 (1995). Lee claimed in his affidavit that he was incorrectly advised by appellate counsel of the statute of limitations for filing a postconviction petition and that he lacked access to his trial transcripts and a law library. After reviewing Lee's affidavit and relevant case law, we find that Lee has not carried his burden of proving lack of culpable negligence. *People v. Harrison*, 32 Ill. App. 3d 641 (1975) (court held that petitioner's affidavit stating that he was not properly advised of his appeal right, that he did not know that he could appeal, and that he had no funds to hire an attorney was not sufficient to establish a lack of culpable negligence).

■ Lee lastly contends that the People had waived their right to motion for dismissal based upon the statute of limitations when they did not file the motion to dismiss within 90 days of Lee's petition for postconviction relief. We disagree. While the statute provides that the trial court may summarily dismiss a petition for postconviction within 90 days of filing (725 ILCS Ann. 5/122—2.1(a) (Michie 1993)), nothing in the statute prevents the People from filing a motion to dismiss based upon the statute of limitations after the 90-day period for summary dismissal has expired.

For the foregoing reasons, we affirm the judgment of the circuit court of Tazewell County.

Judgment affirmed.

LYTTON, P.J., and SLATER, J., concur.