THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CAESAR STENSON, Defendant-Appellant.

Third District    No. 3—96—0875

Opinion filed April 17, 1998.

John H. Gleason, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and J. Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

After a jury trial, defendant, Caesar Stenson, was found guilty of burglary (720 ILCS 5/19—1 (West 1996)). On December 2, 1988, the circuit court entered judgment on the jury verdict and sentenced defendant to a 10-year prison term. We affirm.

On August 2, 1996, defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1996)). Along with his petition, defendant filed a supporting affidavit. In the affidavit, defendant states that the delay in filing was attributable to his reliance on inmate law clerks, who advised him that, under the Act, he had 10 years from the date of his conviction to file a petition. The circuit court *sua sponte* dismissed defendant's petition on the ground that it had not been filed within the time prescribed by law. On appeal, defendant contends the circuit court erred in dismissing his petition as untimely and in failing to consider his averments related to the delay in filing his petition.

■ The Act provides a three-stage process for adjudication of post-conviction petitions: (1) in the first stage the trial court, within 90 days after the filing and docketing of the petition, is required to determine whether the petition is frivolous or patently without merit, in which case it is dismissed; (2) if the petition is not dismissed during the first stage, it moves to the second stage where the court shall appoint counsel if requested by an indigent defendant, counsel may amend the petition, and the State may file a motion to dismiss the petition; and (3) during the third and final stage, if the petition survives the second stage proceedings, the court conducts an evidentiary hearing and considers the petition on the merits. 725 ILCS 5/122—1 et seq. (West 1996); see People v. Lemons, 242 Ill. App. 3d 941, 613 N.E.2d 1234 (1993).

Defendant does not dispute he filed his postconviction petition outside the limitations period found in section 122—1(c) of the Act. 725 ILCS 5/122—1(c) (West 1996). Defendant contends, however, that this limitations period is a procedural, not a jurisdictional, bar to the petition. If the limitation is procedural, section 122—1(c) should not have been invoked at the first stage of the adjudicatory process under section 122—2.1 of the Act. 725 ILCS 5/122—2.1 (West 1996). Instead, he argues that only a proper motion to dismiss by the State at the second stage of the process would be appropriate. 725 ILCS 5/122—5 (West 1996).

■ A statute of limitations fixes the time within which a remedy for a particular wrong may be sought. Such a limitations period is an affirmative defense that may be waived by the parties and may be rebutted by a plea of estoppel. Eschbaugh v. Industrial Comm'n, 286 Ill. App. 3d 963, 677 N.E.2d 438 (1996). On the other hand, where a statute creates a substantive right unknown at common law and provides the time within which the action must be commenced, failure to commence the action within the prescribed period is a jurisdictional bar to relief. Fredman Brothers Furniture Co. v. Department of Revenue, 109 Ill. 2d 202, 486 N.E.2d 893 (1985). Subject matter jurisdiction cannot be waived, stipulated to, or consented to by the parties. The lack of subject matter jurisdiction may be raised at any time, in any court, directly or collaterally, by the parties or on the court's own motion. Eschbaugh, 286 Ill. App. 3d 963, 677 N.E.2d 438.

■ In People v. Heirens, 271 Ill. App. 3d 392, 648 N.E.2d 260 (1995), the court held that a defendant's failure to file a petition within the limitations period prescribed in the Act is a jurisdictional bar to his or her action. While defendant concedes that Heirens apparently contradicts his position, he contends the court's reference to

the limitations period as a "procedural bar" at two points in its discussion renders the court's holding "diminished" and "clouded." These references, however, lie within a larger discussion of the Act's waiver of claims provision, *laches*, the doctrine of *res judicata*, as well as the Act's time limitations period. *Heirens*, 271 Ill. App. 3d at 400-02, 648 N.E.2d at 266-67. The court stated unequivocally that "[the limitations period] is jurisdictional and cannot cure defendant's failure to comply with its terms." *Heirens*, 271 Ill. App. 3d at 402, 648 N.E.2d at 267. Thus, the time limitations of the Act directly affect the subject matter jurisdiction of the circuit court. Accordingly, the trial judge properly dismissed the petition at the first stage of the postconviction process.

Defendant also contends the circuit court erred by failing to consider his explanation for the delay in filing his petition. Section 122—1(c) allows the defendant to escape the effect of his late filing if he presents facts in the petition which show that the delay was not due to the defendant's culpable negligence. 725 ILCS 5/122—1(c) (West 1996). The record does not contain a finding by the circuit court concerning defendant's explanation. Although defendant points to the circuit court's silence in support of his claim, a presumption of regularity attaches to trial court proceedings in the absence of error demonstrated in the record. *People v. Majer*, 131 Ill. App. 3d 80, 475 N.E.2d 269 (1985). Although it is advisable for the trial court to state its reasons for dismissal, it is not mandatory. *People v. Porter*, 122 Ill. 2d 64, 82, 521 N.E.2d 1158, 1165 (1988). The issue on appeal is the correctness of the trial court's ruling, rather than the validity of its rationale. *People v. Paarlberg*, 243 Ill. App. 3d 731, 612 N.E.2d 106 (1993).

Here, defendant alleges that he received advice from inmate law clerks that he had 10 years to file his petition. Even if these statements concerning the delay in filing his petition are true (*People v. Caballero*, 126 Ill. 2d 248, 533 N.E.2d 1089 (1989)), they are insufficient to show a lack of culpable negligence. See *People v. Lee*, 292 Ill. App. 3d 941, 688 N.E.2d 673 (1997) (affidavit alleging defendant was misinformed by appellate counsel as to limitations period for postconviction petition did not show lack of culpable negligence).

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

McCUSKEY and SLATER, JJ., concur.