No. 3--97-0380

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1999

THE PEOPLE OF THE ) Appeal from the Circuit

STATE OF ILLINOIS, ) Court of the 18th Judicial

                               ) Circuit, Du Page County,   

Plaintiff-Appellee, ) Illinois

)

v. ) 

) No. 90--CF--997

BOBBIE CARABALLO       )

(a/k/a Barbara Caraballe ) 

and Barbara Cockrell), )

) Honorable

Defendant-Appellant.      ) Peter J. Dockery,

                     ) Judge Presiding

_________________________________________________________________

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

                                                                 
     

We must determine whether we have jurisdiction to consider the defendant's appeal of the trial court's first-stage dismissal of her post-conviction petition as frivolous and patently without merit.  The People contend that the appeal must be dismissed because the defendant filed her post-conviction petition in the trial court after the expiration of the limitation period establish by section 122-1(c) of the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 (c) (West 1996), and failed to allege any facts showing that the delay was not due to her culpable negligence.  We agree with the People, and we therefore dismiss the appeal.

FACTS

After a bench trial in 1990, the defendant was convicted of four counts of unlawful delivery of a controlled substance and 

was sentenced to concurrent terms of 6, 10 and 24 years' imprisonment.  The judgment of the trial court was affirmed on direct appeal.  
People v. Caraballo
, 231 Ill. App. 3d 685 (1992).

The defendant filed a petition for post-conviction relief on April 22, 1997.  In her petition, the defendant made no allegations of fact showing that any delay in filing her petition was not due to her culpable negligence.  After the trial court dismissed the petition as frivolous and patently without merit on May 1, 1997, the defendant filed the instant appeal.  The People moved to dismiss the appeal contending that this court lacks jurisdiction because the defendant's post-conviction petition was time-barred.  After first granting the People's motion, we allowed the defendant's petition for reconsideration and invited the parties to submit supplemental arguments on the issue of jurisdiction.

DISCUSSION

The statute of limitation applicable to the filing of the defendant's post-conviction petition was the statute that was in effect at the time she filed her petition.  See 
People v. Bates
, 124 Ill. 2d 81, 85-86 (1988)(amendment to the Act which shortened the statute of limitations should be applied retroactively to a conviction which occurred prior to its enactment).  When the defendant filed her post-conviction petition on April 22, 1997, the Act provided, 
inter
 
alia
, as follows:

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or * * * 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence."  725 ILCS 5/122-1 (c)  (West 1996). 

Judgment on the defendant's convictions was entered on November 5, 1990.  Her direct appeal was decided on July 21, 1992.  No petition for leave to appeal to our supreme court was filed by the defendant.  As the People point out, the defendant's post-conviction petition was filed more than four years late under the governing statute.  Therefore, the People maintain, that this court lacks jurisdiction to consider the defendant's appeal. 

In response, the defendant argues that the filing of a notice of appeal is the only jurisdictional step in the appellate process.  
People v. Jones
, 104 Ill. 2d 268, 283 (1984).  She maintains that the statute of limitation is an affirmative defense, and is not at issue until it is raised by the People in its answer to the petition or in a motion to dismiss.  Citing 
People v. Gaultney
, 174 Ill. 2d 410, 419 (1996), the defendant contends that since the Act does not authorize the filing of motions to dismiss during the first stage of the post-conviction proceedings, "[c]ertainly, they are prohibited the same in a first-stage appeal."  Therefore, according to the defendant, the People can raise the issue of timeliness only during the second stage of post-conviction proceedings in the trial court.  We disagree with the defendant's analysis. 

This court recently upheld a trial court's 
sua
 
sponte
 dismissal of a post-conviction petition in the first stage on the ground that it was untimely.  
People v. Stenson
, 296 Ill. App. 3d 93, 96 (1998).  Other courts have similarly upheld first-stage dismissals on the basis of untimeliness.  For example, in 
People v. McClain
, 292 Ill. App. 3d 185, 186-87 (1997), the 
pro
 
se
 defendant accompanied his untimely post-conviction petition with a motion to file his petition late, asserting that the delay was not the result of his culpable negligence, but rather due to a lock-down at his prison and his inability to engage private counsel to assist him.  The appellate court affirmed the trial court's determination that the facts alleged by the defendant were not sufficient to excuse the late filing and its dismissal of the petition as untimely at the first step.  
McClain
, 292 Ill. App. 3d at 188-89.

It is well-settled that a defendant's failure to file a post-conviction petition within the limitation period established in the Act is a jurisdictional bar to his or her action.  
People v. Heirens
, 271 Ill. App. 3d 392, 402 (1995).  Likewise, where a statute creates a substantive right unknown at common law and provides the time within which the action must be commenced, failure to commence the action within the prescribed period is a jurisdictional bar to relief.  
Stenson
, 296 Ill. App. 3d at 95.  Subject matter jurisdiction cannot be waived, stipulated to, or consented to by the parties; the lack of subject matter jurisdiction can be raised at any time, in any court, directly or collaterally, by the parties or on the court's own motion.  
Stenson
, 296 Ill. App. 3d at 95.

The People contend that in 
People v. Reed
, 42 Ill. 2d 169 (1969), our supreme court held that a post-conviction petition was time-barred when the petitioner made no factual allegations showing that his failure to file the petition in a timely manner was not due to his culpable negligence.  Because the record demonstrates that the instant defendant's post-conviction petition also contained no such allegations of lack of culpable negligence, the People maintain that we should dismiss the instant petition based upon the jurisdictional statutory limitation period, regardless of the actual basis for the trial court's ruling.  See 
People v. Nash
, 173 Ill. 2d 423, 432 (1996)(holding that a judgment may be sustained on any ground warranted by the court regardless of the reasons relied upon by the trial court).  

We are convinced, from our review of the governing statute and the relevant authority, that an untimely post-conviction petition is fatally flawed if it fails to contain 
any
 allegations that the delay was not due to the petitioner's culpable negligence.  The plain language of the Act requires the dismissal of a post-conviction petition filed untimely, unless the petitioner "alleges facts showing that the delay was not due to his or her culpable negligence
."  The act clearly places a burden upon the petitioner at the outset to allege facts establishing his or her lack of culpable negligence.  

We also note several cases in which a first stage dismissal of a post-conviction petition as untimely has been upheld.  
See
, 
e
.
g
., 
McClain
; 
People v. Villanueva
, 174 Ill. App. 3d 791 (1988)(defendant's untimely 
pro
 
se
 petition containing allegations found not sufficient to justify delay properly dismissed as untimely); 
People v. Robinson
, 140 Ill. App. 3d 29 (1986)(defendant's 
pro
 
se
 petition properly dismissed at first stage as not timely filed when no facts were alleged to show a delay was not due to the defendant's culpable negligence); 
See
 
also
, 
People v. Bates
, 124 Ill. 2d 81 (1988).

We find 
Bates
 most instructive on this issue.  In 
Bates
, the defendant filed his 
pro
 
se
 post-conviction petition 11 years after his conviction, which was 5 weeks after the time period in which to file such petitions had been reduced from 20 years to 10 years.  The circuit court applied the new time limit and dismissed the petition as untimely.  
Bates
, 124 Ill. 2d at 83.  Our supreme court considered the issue of retroactivity of the statute shortening the period of time available for filing of the post-conviction petition, holding that the shortened period did apply to the defendant.  The court then when on to note that the defendant's cause was not instantaneously barred by the enactment of the shortened limitation period, citing the language of the Act, which remained unchanged, that no proceeding shall be commenced beyond the applicable limitations period unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence, and holding:

"* * * To avoid its effect, he need only have alleged facts justifying the delay in filing.  Because his petition was not accompanied by any such allegations, we find that his petition must be dismissed as untimely."  (Emphasis added.)  
Bates
, 124 Ill. 2d 88.  

 As the statute and case law make clear, we hold that the  burden is on the petitioner to make the required showing in the petition and the failure to do so will result in a dismissal.  We find that the Act requires that the exceptions to the period of limitations must be pleaded at the outset.  The appeal is dismissed for lack of jurisdiction.

Appeal dismissed.  

LYTTON, J., specially concurs.

I concur with the majority on the narrow grounds that, on appeal, defendant has no right to amend her petition for postconviction relief to allege the absence of culpable negligence. But see 
People v. Montgomery
, 232 Ill. App. 3d 1101, 598 N.E.2d 400 (1992).

I cannot support, however, the majority's sweeping language, which is so broad that it would preclude any amendments to a postconviction petition at any time, even during litigation in the trial court. Obviously, any interpretation of this language beyond the facts of this case is 
dicta
. Thus, I concur solely on the grounds that a defendant may not amend a petition for postconviction relief for the first time on appeal.

JUSTICE HOMER, dissenting:

The majority has established a simple, bright-line juris- dictional test for post-conviction petitions filed after the applicable limitation period.  Under this test, the failure of a petitioner to allege "at the outset" facts showing that the delay was not due to his or her culpable negligence will result in a dismissal of the petition.  Presumably, as a result of this decision, petitioners will hereafter be precluded from amending or supplementing their petitions in the trial court with factual allegations showing the absence of culpable negligence.  Further- more, since jurisdiction can be 
determined by examination of the petition, appeals taken from trial court adjudications of late-

filed petitions must be dismissed even when the issue of the petition's timeliness was not considered by the trial court.  I respectfully dissent from the majority's holding because I believe it misconstrues the pertinent statutes, represents a significant departure from current practice, and will lead to injustices.

In the instant case, the trial court dismissed the defendant's post-conviction petition as frivolous and patently without merit.  The trial judge did not consider whether the petition was timely filed.  Only after the defendant appealed the trial court's dismissal, did the State raise its jurisdictional challenge.
  In response, the defendant asserts, 
inter
 
alia
, that the delay in filing her petition was not due to her culpable negligence.

I am in agreement with much of the majority's analysis.  The majority aptly notes that a defendant's failure to file her post-

conviction petition within the limitation period established in section 122-1(c) of the Post-Conviction Hearing Act is a jurisdictional bar to the action.  725 ILCS 5/122-1(c) (West 1996);  
People v. Heirens
, 271 Ill. App. 3d 392, 402, 648 N.E.2d 260, 267 (1995).  Further, subject matter jurisdiction cannot be waived, stipulated to, or consented to by the parties.  
People v. Stenson
, 296 Ill. App. 3d 93, 95, 694 N.E.2d 204, 205 (1998).  Therefore, the lack of subject matter jurisdiction may be raised at any time, in any court, directly or collaterally, by the parties or on the court's own motion.  
Stenson
, 296 Ill. App. 3d at 95, 694 N.E.2d at 205.  

I further agree with the majority that the State may properly challenge our jurisdiction to consider the defendant's appeal in the instant case.  The record 
shows that the defendant's post-conviction petition was filed beyond the time limitation established by section 122-1(c) of the Act, and the petitioner did not allege in the petition a lack of culpable negligence.  725 ILCS 5/122-1(c) (West 1996).  However, in dismissing the defendant's appeal, the majority has illadvisedly precluded the defendant from asserting her claim of lack of culpable negligence
. 
 While this court, as a court of review, is unable to consider the defendant's contentions as to her lack of culpable negligence, the trial court could do so.  Accordingly, I would remand the cause to the trial court for its determination of whether the defendant is able to allege facts showing that the delay in filing was not due to her culpable negligence.  
See 
People v. Montgomery
, 232 Ill. App. 3d 1101, 598 N.E.2d 400 (1992).

In support of its holding, the majority has concluded that "an untimely 
post-conviction 
petition
 is fatally flawed if 
it
 fails to contain any allegations that the delay was not due the petitioner's culpable negligence."  (Emphasis added.)  However, the statute actually provides that post-conviction proceedings  shall not be commenced after the deadline, "unless 
the petitioner
 alleges facts showing that the delay was not due to his or her culpable negligence."  (Emphasis added).  725 ILCS 5/122-1(c) (West 1996).  I think it significant that the legislature 1) focused on the allegations of the petitioner as opposed to those of the petition
, and further 2) expressly authorized the trial court to exercise its discretion in allowing amendments to post-

conviction petitions.  725 ILCS 5/122-5 (West 1996).  

In practice, it appears that trial courts have 
generally permitted petitioners the opportunity to amend untimely petitions with allegations of their lack of culpable negligence.  Frequently, the issue arises during second-stage proceedings after the State has filed a motion to dismiss the petition based upon its untimeliness.  See, 
e.g.
, 
People v. Perry
, 293 Ill. App. 3d 113, 114-15, 687 N.E.2d 1095, 1096 (1997) (where the trial court permitted the defendant to file an affidavit and conducted a hearing to determine whether filing delay was not due to defendant's culpable negligence); 
People v. Lee
, 292 Ill. App. 3d 941, 942, 688 N.E.2d 673, 674 (1997) (where the trial court considered the defendant's subsequent affidavit in ruling on the State's motion to dismiss).  I believe such liberal construction of the statute to be warranted, especially considering that
 post-

conviction petitions are often filed by uneducated 
pro
 
se
 petitioners.  The focus of the court's inquiry should be on whether the petitioner 
can
, not whether she 
did
, allege facts showing that the delay was not due her culpable negligence. 
 
Under the majority's holding
, 
diligent petitioners who
 
have suffered a substantial denial of a constitutional right will be denied justice solely because of 
an initial failure to 
allege a lack of culpable negligence in their late-filed petitions.

    The majority's reliance on 
People v. Reed
, 42 Ill. 2d 169, 246 N.E.2d 238 (1969), and 
People v. Bates
, 124 Ill. 2d 81, 529 N.E.2d 227 (1988), is misplaced in this instance because the factual situations in those cases are distinguishable.  In 
Reed
 and 
Bates
, unlike in the instant case, the trial court dismissed the post-conviction petitions as untimely.  The majority has not cited, and I have not discovered, any reported decision in which a court of review has determined that a post-conviction petition was untimely when that issue was not raised in the trial court.

For these reasons, I would remand the cause to the trial court to determine whether the defendant is able to sufficiently allege facts showing the delay in filing her post-conviction petition was not due to her culpable negligence.  Only after such a determination has been made should we proceed to rule upon the State's motion to dismiss this appeal.