**UNITED STATES of America ex rel. Darrell GOOCH, Petitioner,**

v.

**Anthony M. SCILLIA, Warden, Taylorville Correctional Center, Respondent.**

No. 98 C 4599.

United States District Court, N.D. Illinois, Eastern Division.

July 16, 1999.

Darrell Gooch, Taylorville, IL, for petitioner.

Alvin S. Ratana, Assistant Attorney General, Chicago, IL, for respondent.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is petitioner Darrell Gooch's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the court denies petitioner's petition for writ of habeas corpus.

### I. BACKGROUND

On January 10, 1994, following a plea of guilty to one count of aggravated criminal sexual assault, the Circuit Court of Cook County ("circuit court") sentenced Darrell Gooch ("Gooch") to a twenty-five year term of imprisonment. The circuit court ordered this sentence to run concurrently with a sentence to a fifteen-year term of imprisonment for violating probation for a prior criminal sexual assault. On direct appeal in the Appellate Court of Illinois ("appellate court"), Gooch filed a motion to vacate the judgment and to withdraw his guilty plea. (Resp't Mot.Ex. E. at 1.) On July 24, 1995, the appellate court affirmed the circuit court's judgment. (*Id.* at 2.) At some point after the expiration of the time for filing a petition for leave to appeal with the Supreme Court of Illinois, Gooch filed a motion for leave to file a late petition with the Supreme Court of Illinois. (Rep's Mot. at 2.) However, on June 3, 1997, the Supreme Court of Illinois denied his motion. (*Id.*)

Gooch then filed a petition for post-conviction relief in the circuit court on April 3, 1998. (Resp't Mot.Ex. F. at 2.) In this motion, Gooch alleged that "(1) he was denied the effective assistance of appellate counsel, (2) DNA testing would prove his innocence, (3) he was not afforded a fitness hearing despite that trial counsel was aware that defendant was on psychotropic medication at the time of trial and sentenc-

ing, and (4) he was denied the effective assistance of trial counsel by his attorney's failure to adequately defend against the charges." (*Id.* at 3.) On June 10, 1998, the circuit court denied the petition because not only was the petition not timely filed but the claims were not legally sufficient. (*Id.* at 4.) Gooch did not appeal this decision. (*Id.* at 4 & n. 2).

On July 24, 1998, Gooch filed a pro se petition for writ of habeas corpus arguing that he is entitled to relief under 28 U.S.C. § 2254 because (1) his DNA was not tested, and thus, he did not receive a fair trial; (2) his 402 certificate was not signed in compliance with Illinois Supreme Court Rule 604(d); (3) he did not understand the charges brought against him; and (4) he was denied a fitness hearing while on psychotropic drugs. On May 10, 1999, respondent filed an answer to Gooch's petition arguing that (1) Gooch's petition is time barred; (2) Gooch's second claim is non-cognizable; and (3) Gooch's claims are procedurally barred.

## II. *DISCUSSION*

■ Before the court can review the merits of Gooch's petition, the court must first determine whether Gooch's claims are time barred. Gooch filed his petition for writ of habeas corpus on July 24, 1998. Thus, Gooch's petition is governed by 28 U.S.C. § 2244 as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Gendron v. United States,* 154 F.3d 672, 675 (7th Cir.1998). In 1996, Congress enacted AEDPA which established a one-year period of limitation for filing a petition under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d). Section 2244 of title 28 of the United States Code states in pertinent part:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (a) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. § 2244(d)(1). However, on petitions of state prisoners whose judgment of conviction became final prior to the effective date of AEDPA, the one-year period of limitations began to run on April 24, 1996, AEDPA's enactment date. *See Gendron,* 154 F.3d at 675.

■ Furthermore under AEDPA, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "A 'properly filed application' is one that is submitted according to the state's procedural rules, including the rules governing the time ... of filing." *United States v. Gilmore,* No. 98 C 3342, 1999 WL 261737, at *2 (N.D.Ill. Apr.19, 1999) (citing *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998)).

■ In this case, even though the Supreme Court of Illinois denied Gooch's motion for leave to file a late petition on June 3, 1997, this court finds that Gooch's judgment became final on August 23, 1995, when his time to petition for leave to appeal to the Supreme Court of Illinois expired. *See* ILLSUP.CT.R. 606(b); *Gilmore,* 1999 WL 261737, at *3 ("The statute of limitations is only suspended under Illinois law when the Illinois Supreme Court actually files the late petition for leave to appeal.").[1] Since the judgment became final before the enactment of AEDPA, Gooch had one year from April 24, 1996 to file his § 2254 petition. Gooch, however, did not file his § 2254 petition until July 24, 1998. This is well over one year after April 24, 1996.

■ Nevertheless, if Gooch's post-conviction petition was properly filed, this

---

**1.** This court adopts Judge Holderman's in depth reasoning on the applicability of the tolling period to motions for leave to file a late petition.

court will toll the time period between the filing of the post-conviction petition and the appellate court's denial of the petition. However, because the appellate court found that Gooch did not file his petition for post-conviction relief in a timely manner, the court will not toll the limitations period. Thus, the time period in which Gooch had to file his petition for writ of habeas corpus expired on April 23, 1997, one year after April 24, 1996. Accordingly, the court dismisses Gooch's petition for writ of habeas corpus because it is barred by the one-year period of limitations applicable to petitions filed pursuant to 28 U.S.C. § 2254.[2]

## CONCLUSION

The court has reviewed the entire record in this case. There is no need for an evidentiary hearing; thus, the court is required to "make such disposition of the petition as justice shall require." *See* R. GOVERNING § 2254 CASES 8(a). In this case, justice requires that the court deny Darrell Gooch's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accordingly, the court denies Darrell Gooch's petition for habeas corpus with prejudice and dismisses this case with prejudice.

---

**2.** As the court has based its decision on respondent's first ground for dismissal, the court will not address the respondent's other two grounds for dismissal.