**Diego POSADA, Petitioner,**

v.

**James W. SCHOMIG, Warden,
Respondent.**

**No. 99–CV–2007.**

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

Sept. 2, 1999.

Diego Posada, Danville, IL, pro se.

Jay Paul Hoffman, Office of the Attorney General, Chicago, IL, for Respondent.

## ORDER

McCUSKEY, District Judge.

On January 22, 1999, Petitioner, Diego Posada, was allowed to file his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 without prepayment of fees and costs (# 4). On February 25, 1999, Respondent, James W. Schomig, filed a Motion to Dismiss (# 7). Petitioner filed his Answer to the Motion to Dismiss (# 11) on June 25, 1999. This court agrees with Respondent that the petition for a writ of habeas corpus was not timely filed. Accordingly, Respondent's Motion to Dismiss (# 7) is GRANTED.

## FACTS

On February 19, 1993, Petitioner pleaded guilty to the offense of controlled substance trafficking. Petitioner had been charged with knowingly and without lawful authority bringing into the State of Illinois more than 900 grams of cocaine with the intent to deliver the controlled substance. On March 30, 1993, Petitioner was sentenced to a term of 50 years in the Illinois Department of Corrections. He was also ordered to pay a street value fine of $26,-637,310. Petitioner appealed, and the Ap-

pellate Court, Third District, dismissed Petitioner's appeal from his conviction and affirmed the sentence imposed. *People v. Posada*, No. 3–93–0389 (June 9, 1994) (unpublished order).[1]

Petitioner received a letter, dated June 15, 1994, from his appellate counsel which advised him that, following the denial of his appeal, his options were to file a petition for leave to appeal to the Illinois Supreme Court or to file a post-conviction petition. In the letter, appellate counsel indicated that Petitioner's "best bet" would be to file a post-conviction petition. The letter stated that, if Petitioner wanted to file a post-conviction petition, he "must do so within 3 years of [his] conviction." Petitioner did not file a petition for leave to appeal to the Illinois Supreme Court. On March 29, 1996, Petitioner filed a pro se petition for post-conviction relief in the circuit court of Bureau County. The circuit court dismissed the petition as frivolous and patently without merit on June 4, 1996. Petitioner filed a notice of appeal on June 8, 1996.

On October 16, 1997, the State filed a Motion to Dismiss the appeal. The State argued that Petitioner's petition for post-conviction relief was not timely. The State argued that Petitioner's March 29, 1996, petition was not filed within the statutory limitations period and did not allege facts showing that the delay was not due to his culpable negligence. The State therefore contended that the Appellate Court lacked jurisdiction over the matter and the appeal should be dismissed. The Appellate Court agreed and, on November 7, 1997, dismissed Petitioner's appeal from the dismissal of his petition for post-conviction relief.[2]

On August 19, 1998, Petitioner filed a Motion for Leave to File a Late Petition for Leave to Appeal with the Illinois Supreme Court. The Supreme Court denied

the Motion on December 9, 1998. On December 16, 1998, Petitioner filed a Motion for Reconsideration with the Supreme Court. According to the parties, the Supreme Court has not yet ruled on the Motion. As noted, Petitioner filed his petition for a writ of habeas corpus on January 22, 1999(# 4).

### ANALYSIS

■ The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. 104–32, 100 Stat. 1214, applies to this case because Petitioner filed his § 2254 petition after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under the AEDPA, a one-year period of limitations applies to a habeas corpus petition by a person in state custody. 28 U.S.C. § 2244(d)(1); *Tinker v. Hanks*, 172 F.3d 990 (7th Cir.1999). For § 2254 petitions filed by persons convicted prior to the effective date of the AEDPA, the period of limitations does not begin to run until April 24, 1996, the AEDPA's enactment date. *Gendron v. United States*, 154 F.3d 672, 675 (7th Cir.1998), *cert. denied* by *Ahitow v. Glass*, —— U.S. ——, 119 S.Ct. 1758, 143 L.Ed.2d 790 (1999). In this case, Petitioner's § 2254 petition was filed in January 1999, almost three years after the effective date of the AEDPA.

However, under the AEDPA, the one-year limitations period is tolled for the "time during which a properly filed application" for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2); *Gendron*, 154 F.3d at 675; *McClain v. Page*, 36 F.Supp.2d 819, 820–21 (C.D.Ill.1999). In his Motion to Dismiss, Respondent contends that Petitioner's petition for post-conviction relief was not timely filed and, therefore, did not toll the limitations period for filing his petition for a writ of

---

1. This court notes that it was a member of the Appellate Court, Third District, at the time of this decision. However, it was not a member of the three-judge panel which decided the case.

2. Again, this court notes that it was not a member of the three-judge panel which dismissed the appeal.

habeas corpus. This court agrees that Petitioner's petition for post-conviction relief was not timely.

The Post–Conviction Hearing Act (Act) was amended, effective July 1, 1995, and now provides that no proceedings under the Act "shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed ... or 3 years from the date of conviction, *whichever is sooner,* unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 Ill.Comp.Stat. 5/122–1(c) (West 1996) (emphasis added). Petitioner did not file a petition for leave to appeal from the Appellate Court's June 9, 1994, decision. Accordingly, under the Act, as amended, Petitioner had to file his petition for post-conviction relief six months from the date a petition for leave to appeal was due or three years from the date of his conviction, whichever was sooner. 725 Ill.Comp.Stat. 5/122–1(c) (West 1996); see also *People v. Woods,* 306 Ill. App.3d 1144, 240 Ill.Dec. 161, 715 N.E.2d 1218, 1220 (1999). Petitioner's petition for leave to appeal was due within 21 days of June 9, 1994, the date his conviction was affirmed by the appellate court. See *People v. Lee,* 292 Ill.App.3d 941, 227 Ill.Dec. 980, 688 N.E.2d 673, 674 (1997) (citing Ill.Sup.Ct.R. 315(b)). Accordingly, he had six months from June 30, 1994, to file his petition for post-conviction relief. *Lee,* 227 Ill.Dec. 980, 688 N.E.2d at 674. As a practical matter, Petitioner actually had until June 30, 1995, that day before the amendment to the Act became effective, to file his petition. Because Petitioner did not file his petition for post-conviction relief until March 29, 1996, the petition was not timely.

 It therefore appears that the Appellate Court properly dismissed Petitioner's appeal from the dismissal of his petition for post-conviction relief. A defendant's failure to file a petition for post-conviction relief within the limitation period established in the Act is a jurisdictional bar to his action. *People v. Caraballo,* 304 Ill.App.3d 288, 237 Ill.Dec. 930, 710 N.E.2d 560, 562 (1999) (citing *People v. Heirens,* 271 Ill.App.3d 392, 207 Ill.Dec. 804, 648 N.E.2d 260, 267 (1995)). Accordingly, the Appellate Court lacks jurisdiction over an appeal from the dismissal of an untimely petition even where the circuit court dismissed the post-conviction petition as frivolous and patently without merit rather than as untimely. See *Caraballo,* 237 Ill.Dec. 930, 710 N.E.2d at 562–63.

In his Answer to the Motion to Dismiss, Petitioner argues that any delay in filing his petition for post-conviction relief was based upon the advice of his appellate counsel and was not due to his "culpable negligence." As support for this contention, Petitioner has attached a copy of his appellate counsel's June 15, 1994, letter. Petitioner has also attached his own affidavit and the affidavit of Victor Manual Lopez, a law clerk at Danville Correctional Center, where Petitioner is now in custody. To a large extent, the affidavits focus on the reasons why Petitioner did not file his Motion for Leave to File a Late Petition for Leave to Appeal with the Illinois Supreme Court until August 19, 1998. This court concludes that these statements in the affidavits are not relevant to the threshold and dispositive issue now before this court: whether Petitioner filed a timely petition for post-conviction relief which tolled the one-year limitations period for filing a petition for a writ of habeas corpus. A portion of Petitioner's affidavit is relevant to this inquiry and stated that, after his direct appeal was denied:

> I started to go to the Law Library at Stateville Correctional Center, but due to the continuous lock-down, I never was informed about the law change of the Statute of Limitations to file a Post–Conviction Petition.

The Illinois Appellate Court has consistently concluded that the same type of excuses for late filing offered by Petitioner are *not* sufficient to establish that the delay was not due to culpable negligence. In

*People v. McClain,* 292 Ill.App.3d 185, 226 Ill.Dec. 66, 684 N.E.2d 1062, 1064 (1997), the Court found that the petitioner failed to make the required "substantial showing" that his delay was not due to his culpable negligence. The Court stated:

> The petitioner-inmate need only plead sufficient facts from which the trial court could find a valid claim of deprivation of a constitutional right. Accordingly, we conclude that a prison 'lockdown,' restricting an inmate's access to the prison law library, does not constitute a legitimate excuse for the inmate's not filing a postconviction petition in a timely fashion. *McClain,* 226 Ill.Dec. 66, 684 N.E.2d at 1065.

In *People v. Perry,* 293 Ill.App.3d 113, 227 Ill.Dec. 613, 687 N.E.2d 1095, 1097 (1997), the Court noted that "[f]reedom from culpable negligence is very difficult to establish." The Court then found that Perry's untimely filing was not excused even though he had been given incorrect information regarding the statute of limitations in the prisoner handbook and the prison was on "lock-down." *Perry,* 227 Ill.Dec. 613, 687 N.E.2d at 1097–98. In *Lee,* the Court concluded that Lee's claims that he was incorrectly advised by appellate counsel of the statute of limitations for filing a post-conviction petition, and that he lacked access to his trial transcripts and a law library were not sufficient to carry "his burden of proving lack of culpable negligence." *Lee,* 227 Ill.Dec. 980, 688 N.E.2d at 674–75. In *People v. Stenson,* 296 Ill.App.3d 93, 230 Ill.Dec. 573, 694 N.E.2d 204, 206 (1998), the Court found that Stenson's claim that he received incorrect advice from inmate law clerks was "insufficient to show a lack of culpable negligence."

In *People v. Mitchell,* 296 Ill.App.3d 930, 231 Ill.Dec. 373, 696 N.E.2d 365 (1998), *app. denied,* 179 Ill.2d 605, 235 Ill.Dec. 572, 705 N.E.2d 445 (1998), the Court stated:

> Unlike the *McClain* court, we are not prepared to say that denial of access to the prison law library as a result of lockdowns could never excuse a late filing. As Justice Green pointed out in his dissent in *McClain,* many prisoners are unable to draft even simple documents without the aid of more sophisticated prisoners, and the prison library offers a place where the prisoner and his 'jailhouse lawyer' can meet and work in a way not available during a lockdown. *McClain,* 292 Ill.App.3d 185, 226 Ill.Dec. 66, 684 N.E.2d 1062 (Green, J., dissenting). Therefore, where the record shows that lockdowns have deprived the defendant of a meaningful opportunity to prepare his petition in a timely fashion, we believe some delay is excusable. *Mitchell,* 231 Ill.Dec. 373, 696 N.E.2d at 367.

However, the court in *Mitchell* went on to find that the defendant in that case did not make a sufficient showing that the delay in filing was caused by the lockdown because the institution was not on lockdown the entire time the petitioner had available to file a timely petition. *Mitchell,* 231 Ill. Dec. 373, 696 N.E.2d at 367. The court also noted that a petitioner's mistaken belief about the law, including a claim that he was incorrectly advised of the filing deadline by appellate counsel, was not sufficient to excuse compliance with the time limitations. *Mitchell,* 231 Ill.Dec. 373, 696 N.E.2d at 367–68. Accordingly, the court in *Mitchell* affirmed the circuit court's dismissal of the post-conviction petition. *Mitchell,* 231 Ill.Dec. 373, 696 N.E.2d at 368.

Most recently, in *People v. Van Hee,* 305 Ill.App.3d 333, 238 Ill.Dec. 641, 712 N.E.2d 363, 367 (1999), the Court stated that it agreed with the approach espoused by the court in *Mitchell* and the reasoning in Justice Green's dissent in *McClain.* In *Van Hee,* the defendant stated in his affidavit that a lockdown precluded him from obtaining access to the law library "for the last few months" but failed to include specific facts indicating the duration of the lockdown. *Van Hee,* 238 Ill.Dec. 641, 712 N.E.2d at 367. The Court stated:

Absent specific dates, we are left to speculate that the lockdown lasted a short period of time. Under these circumstances, the lockdown did not excuse defendant's delay because defendant could have utilized the law library during the times that the lockdown was not in effect. *Van Hee,* 238 Ill.Dec. 641, 712 N.E.2d at 367.

The court further concluded that the defendant's argument that he was unfamiliar with the amended limitations period was insufficient to establish that the delay was not due to his culpable negligence. *Van Hee,* 238 Ill.Dec. 641, 712 N.E.2d at 367.

■ This court must conclude that, even accepting the reasoning of the courts in *Mitchell* and *Van Hee* that denial of access to the law library because of a lockdown can, in some circumstances, excuse a late filing, Petitioner here has not established a legitimate excuse for not filing his petition in a timely fashion. Like the defendant in *Van Hee,* Petitioner did not provide specific dates for the lockdown. In his affidavit, Petitioner stated that Stateville Correctional Center was on "continuous lock-down." However, in his Answer to Respondent's Motion to Dismiss, Petitioner states that the prison "was in lockdown for a portion of the time Petitioner was there." This is not sufficient to show that there was inadequate time available between June 9, 1994, the date of the appellate court's decision on his first appeal, and June 30, 1995, the last date a timely petition could be filed, to file his petition for post-conviction relief. See *Van Hee,* 238 Ill.Dec. 641, 712 N.E.2d at 367. Also, the fact that he received erroneous advice from appellate counsel about the limitations period could not excuse his late filing. *Lee,* 227 Ill.Dec. 980, 688 N.E.2d at 674–75.

Based upon Illinois law, the appellate court properly dismissed Petitioner's appeal because his petition for post-conviction relief was untimely. See *Caraballo,* 237 Ill.Dec. 930, 710 N.E.2d at 562–63. Further, based upon Illinois law, Petitioner has not established that his failure to

file a timely petition for post-conviction relief was not due to his culpable negligence. Petitioner's petition for post-conviction relief was clearly not timely under Illinois law.

■ In *McClain v. Page,* 36 F.Supp.2d 819 (C.D.Ill.1999), this court considered an issue very similar to the issue in this case. This court noted that a "properly filed application" is one submitted according to the state's procedural rules, including the rules governing the time and place of filing. *McClain,* 36 F.Supp.2d at 821. Accordingly, this court concluded that an untimely petition was not "properly filed" and could not toll the limitations period under § 2244(d)(2). *McClain,* 36 F.Supp.2d at 821; see also *United States ex rel. Villazana v. Page,* 1999 WL 342384, at *3 (N.D.Ill.1999); *United States ex rel. Jefferson v. Gilmore,* 1999 WL 261737, at *2 (N.D.Ill.1999); *United States ex rel. Walker v. Carter,* 1998 WL 685373, at *2 (N.D.Ill.1998). Because McClain's post-conviction petition was found untimely and was dismissed by the circuit court, and the dismissal was affirmed on appeal, this court found that McClain did not have a "properly filed application" for state post-conviction relief. *McClain,* 36 F.Supp.2d at 821. Therefore, this court held that the limitations period was *not* tolled and, to be timely, McClain's petition for habeas corpus relief had to be filed by April 23, 1997. *McClain,* 36 F.Supp.2d at 821. This court then dismissed McClain's petition as time barred. *McClain,* 36 F.Supp.2d at 821.

Here, this court has concluded that Petitioner's petition for post-conviction relief was not timely under Illinois law and, accordingly, his appeal from the dismissal of his petition was properly dismissed by the Illinois Appellate Court. As a result, this court concludes that this case cannot be distinguished from *McClain.* This court finds that its decision in *McClain* was correct and must be followed here. Consequently, Petitioner's untimely post-conviction petition did not toll the limitations period and, to be timely, his petition for

habeas corpus relief had to be filed by April 23, 1997. See *McClain*, 36 F.Supp.2d at 821; see also *United States ex rel. Gooch v. Scillia*, 56 F.Supp.2d 1040, 1042 (N.D.Ill.1999) (because the Appellate Court found that petitioner did not file his petition for post-conviction relief in a timely manner, court would not toll the limitations period for filing his habeas petition).

■ In the alternative, Petitioner argues that the limitations period for filing his petition for a writ of habeas corpus should be equitably tolled. Petitioner contends that equitable tolling is warranted by the "extraordinary circumstances of his case." He again argues that he was misled by his appellate counsel and that Stateville Correctional Center was in lock-down for a portion of the time he was there. He also contends that the law clerk at the prison failed to provide adequate assistance to him. This court recognizes that courts have found that the one-year period of limitations is not jurisdictional but operates as a statute of limitations and is therefore subject to equitable tolling. *United States v. Griffin*, 58 F.Supp.2d 863 868 (N.D.Ill.1999); *Walker*, 1998 WL 685373, at *2; *United States ex rel. Lacey v. Gilmore*, 1998 WL 397842, at *3 (N.D.Ill.1998). However, equitable tolling should be granted only in "extraordinary circumstances." *Griffin*, 58 F.Supp.2d at 868–69. A claim of excusable neglect or a run-of-the-mill claim of ignorance of the law is *not* sufficient to warrant equitable tolling of the limitations period. *Griffin*, at 868.

■ This court concludes that Petitioner's fairly "run-of-the-mill" claims that he was misled by his appellate counsel and that the prison was sometimes on lockdown do not establish "extraordinary circumstances" justifying equitable tolling. See *United States ex rel. Morgan v. Gilmore*, 26 F.Supp.2d 1035, 1039 (N.D.Ill. 1998) (lock-down at Pontiac Correctional Center did not prevent petitioner from filing timely application); *Lacey*, 1998 WL 397842, at *3 (denial of access to law library for limited period of time did not

excuse late filing of habeas petition). Similarly, his claim that the prison law clerk did not provide adequate assistance does not establish "extraordinary circumstances." This court notes that it was Petitioner's responsibility to file his petition on a timely basis. Petitioner's status as a pro se litigant did not exempt him from compliance with the relevant rules of procedural and substantive law, such as the requirement of timely filing. *United States ex rel. Freeman v. Page*, 1998 WL 171822, at *3 (N.D.Ill.1998).

This court further notes, as it did in *McClain*, that even if Petitioner's habeas corpus petition was not dismissed, his claim for habeas relief would have to be denied. See *United States ex rel. Hadley v. Haws*, 1998 WL 698939, at 4–7 (N.D.Ill. 1998) (court found limitations period was tolled because the petitioner had filed a post-conviction petition, but then denied the petition for habeas corpus relief based upon procedural default because the untimely post-conviction petition was dismissed by the state court and not decided on the merits). This court again concludes, as it did in *McClain*, that the proper procedure is to dismiss the habeas petition as untimely pursuant to 28 U.S.C. § 2244(d)(1). See *McClain*, 36 F.Supp.2d at 821.

IT IS THEREFORE ORDERED THAT:

(1) Respondent's Motion to Dismiss (# 7) is GRANTED.

(2) The clerk is directed to dismiss the petition (# 4) with prejudice. This case is terminated.