Rule 23 Order filed 
NO. 5-97-0992

August 4, 1999;

Motion to publish granted 
IN THE

August 19, 1999.

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Madison County.  

)

v. ) No. 94-CF-239

)

VELTON L. WOODS, ) Honorable

) J. Lawrence Keshner, 

Defendant-Appellant. ) Judge, presiding.  

___________________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:

Defendant, Velton L. Woods, appeals from the dismissal by the circuit court of Madison County of his petition seeking postconviction relief.  The court dismissed his petition as (1) untimely and (2) frivolous and patently without merit.  He asserts that the trial court erroneously dismissed his petition, and he seeks a reversal and a remand to the circuit court for the appointment of counsel and further proceedings under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 
et seq.
 (West 1996)).  

BACKGROUND

Defendant was indicted on three counts of first-degree murder (720 ILCS 5/9-1(a)(1), (2), (3) (West 1996)) and one count of armed robbery (720 ILCS 5/18-2(a) (West 1996)) stemming from his murder of Jarvis A. Clark in the course of an armed robbery.  On July 26, 1994, he pleaded guilty to one count of first-degree murder, based on his act of shooting Clark in the head with a gun, thereby causing his death, as well as the armed robbery charge.  In exchange for his plea, the State agreed to seek no more than 50 years' imprisonment with the armed robbery sentence to be served concurrently with the murder sentence.  On February 7, 1995, the court sentenced him to 45 years in prison for the murder conviction and 20 years' imprisonment for the armed robbery conviction, with the sentences to run concurrently.  The trial court later denied his motion for a reduction of sentence, rejecting his assertion that the sentence was excessive and disproportionate to sentences imposed in other murder convictions in the county.

On appeal, defendant contended that the trial court committed reversible error because it failed to conduct a fitness hearing pursuant to section 104-21(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/104-21(a) (West 1996)).  He argued that if this court failed to find for him on that issue, he was entitled to a remand of the cause for a factual determination of his alleged ingestion of prescription medication, which allegedly affected his fitness to stand trial.  Defendant contended that the court improperly considered the death of the victim,  a factor inherent in the offense of first-degree murder, as an aggravating factor and that his sentences were excessive in light of allegations that his crimes were motivated by his drug addiction and in light of his minimal prior criminal history and his significant employment record.  The order denying his appeal was filed on March 25, 1997.  
People v. Woods
, No. 5-95-0230 (March 25, 1997) (unpublished order under Supreme Court Rule 23 (134 Ill. 2d R. 23)).

On August 7, 1997, defendant mailed his 
pro se
 postconviction petition from Hill Correctional Center.  It was filed by the circuit court of Madison County on August 11, 1997.  In his petition, he claimed that his trial counsel had manipulated and coerced him into entering his guilty plea, as he allegedly routinely did when the court appointed him to represent indigent black defendants, that counsel failed to investigate his case, and that his attorney "never attempted to prepare the case for trial."  The trial court summarily dismissed his petition as untimely and patently without merit on September 9, 1997.

On appeal, defendant argues that his petition was timely, because it was filed within three years of the date he was sentenced, and that the petition was sufficient to set forth a substantial deprivation of his constitutional right to counsel and thus to survive initial scrutiny under the Act and require that the court appoint counsel to represent him on his petition.

STANDARD OF REVIEW

The ultimate question regarding the sufficiency of the allegations contained in a postconviction petition merits treatment as a legal inquiry requiring plenary appellate review.  See 
People v. Coleman
, 183 Ill. 2d 366, 388, 701 N.E.2d 1063, 1075 (1998).

DISCUSSION

Section 122-1 of the Act reads, in pertinent part, as follows:

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 
3 years from the date of conviction
, whichever is 
sooner
, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence."  (Emphasis added.)  725 ILCS 5/122-1(c) (West 1996).

This court's order was entered on March 25, 1997, and defendant filed neither a petition for rehearing nor an affidavit of intent to file a petition for leave to appeal to the Illinois Supreme Court.  Such a petition would have been due no later than April 15, 1997, 21 days from March 25, 1997.  See 179 Ill. 2d R. 315(b).  Six months from that date, October 15, 1997, would be the last date on which defendant could file a postconviction petition, were it not for the fact that the statutory deadline is the earlier of two dates--the one discussed above (October 15, 1997) or three years from the date of his conviction (July 26, 1997).

Defendant mistakenly relies upon 
People v. Rose
, 43 Ill. 2d 273, 253 N.E.2d 456 (1969), for the proposition that he had until February 7, 1998, three years from the February 7, 1995, date of his sentencing, in which to file his petition.  At the time the crime in 
Rose
 was committed, the Act required that proceedings be commenced no more than five years after the rendition of final judgment.  Ill. Rev. Stat. 1961, ch. 38, §826.  The court noted that the defendants in 
Rose
 were convicted on July 13, 1962, sentenced on December 2, 1962, and filed their petition on December 1, 1967.  Finding that the final judgment included the imposition of the sentence, the reviewing court found that the defendant's petition was timely filed.  
Rose
, 43 Ill. 2d at 278, 253 N.E.2d at 460.

Since the 
Rose
 decision, the applicable statute has been amended to require that a petition be filed within three years of the date of conviction, rather than "3 years after rendition of final judgment."  Pub. Act 87-580, §1, eff. January 1, 1992 (amending Ill. Rev. Stat. 1991, ch. 38, par. 122-1).  "Judgment" means an adjudication by the court that the defendant is guilty or not guilty, and if the adjudication is guilty, it includes the sentence pronounced by the court.  See 725 ILCS 5/102-14 (West 1996).  The final judgment in a criminal case is the imposition of sentence, which is a necessary part of a complete judgment of guilt, without which a judgment of conviction is not final.  See 
People v. Medrano
, 282 Ill. App. 3d 887, 891, 669 N.E.2d 114, 116 (1996).  

A "conviction" is defined as "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court *** without a jury."  720 ILCS 5/2-5 (West 1996); 730 ILCS 5/5-1-5 (West 1996).  

The legislature clearly knows the difference between a "conviction" and a "judgment", and it chose to amend the statute at issue to begin the computation of the running of the time within which to file a petition for postconviction relief to the earliest date possible--the date on which a conviction is entered.  This preference for expeditious filing is also reflected in the legislature's amendment of the statute to calculate the expiration of the time to file for leave to appeal to "whichever [date] is sooner":  three years from the conviction, six months after the denial of a petition for leave to appeal or the filing date for such a petition, or 45 days after the filing of an appellate brief in the Illinois Supreme Court or the deadline for doing so in the Illinois Supreme Court.  Pub. Act 89-284, eff. January 1, 1996 (amending 725 ILCS 5/122-1 (West 1994)).

Although section 2-5 of the Criminal Code of 1961 (720 ILCS 5/2-5 (West 1996)) defines a conviction as "a judgment of conviction 
or
 sentence entered on a plea of guilty," given the thrust of amendments to the Act, we do not believe that it mandates calculating the time for the filing of a postconviction petition from the date the sentence is imposed.  Recent cases reflect this interpretation of the statute.  See 
People v. Perry
, 293 Ill. App. 3d 113, 687 N.E.2d 1095 (1997); 
People v. McClain
, 292 Ill. App. 3d 185, 684 N.E.2d 1062 (1997). 

Defendant failed to proffer any explanation for his untimely filing that would demonstrate that the delay in filing was not due to his own culpable negligence.  See 725 ILCS 5/122-1(c) (West 1996).  The trial court properly found defendant's petition seeking postconviction relief to be untimely filed.  We need not address the other basis for the dismissal.  The dismissal of defendant's petition is affirmed.

Affirmed.

RARICK, P.J., and HOPKINS, J., concur.