THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. REX ALLEN TAYLOR, Defendant-Appellant.

First District (1st Division)   No. 1—87—0841

Opinion filed June 4, 1990.

Randolph N. Stone, Public Defender, of Chicago (Elyse Krug Miller, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, James E.

Fitzgerald, and Kevin T. Noonan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant Rex Allen Taylor (Taylor) appeals from the dismissal of his post-conviction petition. Taylor was convicted of the murder of his wife, Betsy Taylor (Betsy), and the attempted murder of his mother-in-law, Betty Jennings, based on the following undisputed facts. Taylor and Betsy were married in 1973. On June 30, 1977, Betsy filed a divorce petition and was given temporary custody of their son, but she continued to live with Taylor. On August 7, 1978, Betsy left Taylor and went to her parents, Betty and Louis Jennings. On August 9, 1978, Taylor broke through the Jenningses' glass patio doors with a car jack, entered the Jenningses' house, and stabbed Betsy several times. When Betty Jennings grabbed Taylor's arm, he stabbed her in the chest. Subsequently, Taylor knelt over Betsy and stabbed her several more times.

At Taylor's bench trial, an insanity defense was presented. The defense called two experts, Drs. James Cavanaugh and Melvin Seglin, who testified that Taylor was unable to conform his conduct to the requirements of the law on the day of the crimes. Additionally, the defense called two lay witnesses to testify on Taylor's behalf. The State called its expert, Dr. Kaplan, who testified that Taylor was capable of controlling his impulses and was able to conform his conduct to the requirements of the law on the day of the crimes. Furthermore, the State called eight lay witnesses, including Betty Jennings. Betty Jennings testified that she felt Taylor was "in contact with reality" the day the crimes were committed. On October 6, 1980, the trial court convicted Taylor. On March 6, 1981, post-trial motions were heard and Taylor was sentenced to 30 years' imprisonment.

Then on March 31, 1981, an article appeared in the Reader that stated:

"Of course, you might say, anybody who kills is insane. Mrs. Jennings, for one, felt that way. She had the habit, when Rex [Taylor] was first in custody, of announcing, 'You know, don't you, that Rex is crazy.' An assistant state's attorney told her to hush up. The man said Rex might seem crazy to her, but not to the eyes of the law."

Subsequently on April 3, 1981, Taylor filed his appeal. His appellate brief was filed on November 18, 1981, and he did not file a reply brief. Taylor's attorney participated in oral argument on July 12, 1982. On appeal, Taylor specifically raised the issue of whether he

was proved sane beyond a reasonable doubt at the time of the offenses. On October 25, 1982, this appellate court affirmed Taylor's conviction, holding that Taylor's behavior was premeditated and intentional, not uncontrolled and impulsive as defense experts asserted, based on the following evidence: Betsy's sister's testimony that Taylor threatened to kill Betsy and her family several times; that Taylor rented a car and parked 1½ blocks from the Jenningses' residence to avoid detection; and that Taylor brought weapons with him. *People v. Taylor* (1982), 110 Ill. App. 3d 112, 118-19, 441 N.E.2d 1231.

On November 6, 1985, Taylor filed his petition for post-conviction relief. A hearing was held on February 10, 1987, and the trial court dismissed the post-conviction petition. Taylor appeals.

■■■ Taylor argues that he should be entitled to a post-conviction hearing since he alleged that the State knowingly used the allegedly perjured testimony of Betty Jennings. We disagree. The post-conviction proceeding inquires into constitutional issues involved in the original conviction that have not already been adjudicated or could have been adjudicated. (*People v. Silagy* (1987), 116 Ill. 2d 357, 365, 507 N.E.2d 830, *cert. denied* (1987), 484 U.S. 873, 98 L. Ed. 2d 163, 108 S. Ct. 212, citing *People v. Gaines* (1984), 105 Ill. 2d 79, 87, 473 N.E.2d 868, *cert. denied* (1985), 471 U.S. 1131, 86 L. Ed. 2d 282, 105 S. Ct. 2666.) Taylor's argument, that Betty committed perjury, is based solely on the March 31, 1981, Reader article, which was discoverable before 30 days had elapsed after Taylor's post-trial motions, and prior to filing his first appeal. Accordingly, Taylor has waived this issue on appeal since he knew of the alleged perjurious testimony before filing his first appeal, did not bring a timely post-trial motion, did not bring it to this court's attention, did not argue it, nor ask for a stay to raise a motion in the trial court. (*People v. Silagy* (1987), 116 Ill. 2d 357, 365, 507 N.E.2d 830, *cert. denied* (1987), 484 U.S. 873, 98 L. Ed. 2d 163, 108 S. Ct. 212; *People v. Jones* (1985), 109 Ill. 2d 19, 24, *cert. denied* (1986), 475 U.S. 1090, 89 L. Ed. 2d 735, 106 S. Ct. 1481; *People v. Gaines* (1984), 105 Ill. 2d 79, 87-88, 473 N.E.2d 868, *cert. denied* (1985), 471 U.S. 1131, 86 L. Ed. 2d 282, 105 S. Ct. 2666.) Even if Taylor had not waived this issue, the claimed error was not manifestly against the weight of the evidence since the finding of Taylor's sanity at the time he committed the offenses was supported by the State's expert's testimony as well as several other lay witnesses. Additionally, there was not any evidence that Betty Jennings' alleged statements were based on the legal definition of insanity, rather than her subjective view.

■■ Taylor also argues that he was denied due process because

the State committed a discovery violation when it did not disclose Betty's alleged statements to the Reader. He contends that the evidence actually existed; that it was in the State's possession; that it was favorable to him; and that the State failed to disclose it despite a specific request for it. (*Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194.) We disagree. Taylor has waived this argument as discussed above. Even if this argument had not been waived, a discovery violation did not occur. Betty's statements did not favor Taylor after considering the statements' context and the fact that the statements were double, if not triple, hearsay. In addition, the State did not fail to disclose specifically requested evidence. The defense only requested knowledge of favorable witnesses or physical evidence; they did not request Betty's alleged statements. Additionally, Betty cannot be considered a favorable witness after Taylor stabbed her and killed her daughter. Moreover, the defense had ample opportunity to cross-examine Betty at trial regarding her beliefs.

In conclusion, the trial court properly dismissed Taylor's petition for a post-conviction hearing because these issues were waived by not bringing a timely post-trial motion and by failing to raise such issues in connection with his prior appeal. Moreover, the trial court's finding that Taylor was sane at the time he committed the offenses was not manifestly against the weight of the evidence. Finally, for the reasons discussed above, no discovery violation was committed. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.