THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM BROOKS, Defendant-Appellant.

Third District   No. 3—01—0073

Opinion filed March 5, 2002.

Fletcher P. Hamill, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Richard

T. Leonard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, William Brooks, pled guilty to first degree murder (Ill. Rev. Stat. 1991, ch. 38, par. 9—1(a)) and was sentenced to natural life in prison. He appeals from the dismissal of his second postconviction petition, arguing that his sentence violates the constitutional rule set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). We find that the defendant's term of life in prison was constitutionally imposed and affirm his sentence.

## FACTS

On July 17, 1991, the defendant pled guilty to one count of first degree murder. At the plea hearing, the trial court fully explained the nature of the charge. It advised the defendant that at trial the State would be required to prove beyond a reasonable doubt that "on or about February 16, 1991, you without lawful justification, while committing the forcible felony offense of Robbery, stabbed Rosine Saylor with a knife," causing her death. The court further informed the defendant that it could impose a term of natural life imprisonment without parole if the proper factors were found to exist. The defendant responded that he understood the charge and the possible sentence.

The State presented the factual basis for the defendant's plea. The victim's neighbor and his wife would testify that they found the victim early in the morning on Sunday, February 17. She was lying naked on her kitchen floor in a pool of blood. A large kitchen knife stained with blood was sitting on a nearby counter. The victim's purse was open and its contents had been dumped onto the kitchen table. An officer would testify that during his interview of the defendant, the defendant admitted that he knew the victim. He stopped at her house late in the evening of February 16 and asked if he could use her telephone. The defendant had done yard work for the victim in the past. The victim recognized him and quickly let him enter the home. Once inside, the defendant struck the victim, took $140 from her purse and stabbed her several times with a knife he found in the victim's kitchen. The defendant admitted that once he took the money, he decided to kill the victim.

The State concluded that the evidence would prove beyond a reasonable doubt that the defendant committed the offenses of robbery and murder. The defendant agreed that the evidence presented by the State would be substantially as stated. The court determined that

there was a factual basis for the defendant's plea and scheduled the cause for sentencing.

At the sentencing hearing, the trial court found that the defendant qualified for a term of natural life because the crime was exceptionally brutal and heinous and it was committed in the course of another felony. The court noted that no mitigating factors applied and sentenced the defendant to natural life under section 5—8—1(a)(1)(b) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(1)(b)).

The defendant's direct appeal was dismissed for failure to prosecute. He subsequently filed a postconviction petition on September 23, 1991. Counsel was appointed, but the petition was eventually dismissed without an evidentiary hearing.

On January 2, 2001, the defendant filed a second postconviction petition, claiming that his sentence was unconstitutional in light of the recent United States Supreme Court decision in *Apprendi*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348. The trial court dismissed the petition as untimely and without merit.

## ANALYSIS

On appeal, the defendant claims that his natural life sentence is unconstitutional and should be vacated because it violates the rule set forth in *Apprendi*. The State responds that the trial court properly dismissed the defendant's second petition because it was untimely and successive. In the alternative, the State claims that *Apprendi* should not be applied retroactively to the defendant's collateral proceeding. Because we find that the defendant's rights were not violated under *Apprendi*, we need not address the concerns raised by the State.

In *Apprendi*, the defendant, Charles Apprendi, fired several bullets into the home of a new neighbor who allegedly did not fit Apprendi's racial criteria. The State of New Jersey charged him with numerous offenses, but none of them included allegations of racial motivation. Apprendi pled guilty to possession of a firearm for an unlawful purpose, an offense which provided a 10-year maximum term of imprisonment. Under an entirely separate New Jersey law, a defendant could be sentenced to an enhanced term if the crime for which he was convicted was racially motivated. At sentencing, the trial court found that Apprendi's actions were motivated by racial bias and sentenced him to a term greater than 10 years. *Apprendi*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348.

The Supreme Court held that the defendant's constitutional guarantee of due process had been denied and struck down the hate-crime enhancement statute. In so doing, the Court handed down a

constitutional rule that any fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be proven to a jury beyond a reasonable doubt. *Apprendi*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348. The Court rejected the notion that the length of Apprendi's sentence itself was unconstitutional, but adopted the position that a defendant has a right to a have a jury decide whether the State proved beyond a reasonable doubt the factor that resulted in the longer sentence. The defendant's primary argument on appeal is that the brutal and heinous nature of the crime was not proven beyond a reasonable doubt and therefore *Apprendi* should control. However, unlike *Apprendi*, the trial court did not sentence the defendant based solely on a factor that was not alleged in the indictment or proven to a jury beyond a reasonable doubt. First degree murder while committing the forcible felony of robbery was plainly charged in the indictment. Before accepting the defendant's plea, the trial court informed the defendant of the possibility of a sentence of natural life for the crime to which he pled. Further, the State presented evidence of the crime in open court, and the trial court found that there was an adequate factual basis for the plea. That evidence included potential testimony that the defendant committed a robbery during the course of the murder and that he intended to kill the victim. See Ill. Rev. Stat. 1991, ch. 38, pars. 9—1(b)(6), 1005—8—1(a)(1)(b). Thus, the defendant was clearly aware of one of the factors that led to his life sentence when he entered his plea of guilty.

Based on our review of the indictment and the plea proceeding, we find that the defendant's guilty plea was a knowing admission of guilt of the criminal acts charged and all the material facts alleged. See *People v. Rhoades*, 323 Ill. App. 3d 644, 753 N.E.2d 537 (2001). He was admonished as to the possibility of a life sentence and chose to enter a plea of guilty. Having waived his right to a trial on this issue, he cannot now claim that he was unfairly deprived of his right to have the State prove the aggravating factor beyond a reasonable doubt. See *People v. Chandler*, 321 Ill. App. 3d 292, 748 N.E.2d 685 (2001).[1]

## CONCLUSION

In sum, we find that the defendant was sentenced according to the

---

[1]The appeal in *Apprendi* also followed a guilty plea. However, Apprendi expressly reserved the right to challenge the constitutionality of the sentence-enhancement scheme. Further, the indictment did not allege that the crime was racially motivated. *Apprendi*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348. Thus, Apprendi's plea of guilty did not waive his right to a jury trial on the sentencing issue.

statute for the offense to which he knowingly pled guilty. Accordingly, his constitutional rights were not violated under *Apprendi*. The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HOLDRIDGE and HOMER, JJ., concur.