THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SCOTT A. TOOLEY, Defendant-Appellant.

Third District    No. 3—00—0982

Opinion filed March 14, 2002.

G. Joseph Weller and Linda A. Johnson, both of State Appellate Defender's Office, of Elgin, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOMER delivered the opinion of the court:

Following a bench trial, the defendant, Scott Tooley, was found guilty of three counts of theft by deception. 720 ILCS 5/16—1(a)(2)(A) (West 1996). He was sentenced to two concurrent extended-term prison sentences of 10 years each to be served consecutively to one 10-year extended term of imprisonment. 720 ILCS 5/16—1(b)(4) (West 1996); 730 ILCS 5/5—8—2(a)(5), 5—8—4 (West 1996). He filed a *pro se* post-conviction petition, which was dismissed at the second stage on the grounds of untimeliness and waiver. 725 ILCS 5/122—1 *et seq.* (West 2000). On appeal, he argues that (1) he was not culpably negligent for the untimely filing of his petition, (2) the arguments in his petition were not waived, and (3) his extended-term sentences are void because they violate the proportionality provisions of the Illinois Constitution. We reduce his sentences from 10-year extended terms to 5-year nonextended terms, but otherwise affirm.

## BACKGROUND

The facts that led to the defendant's indictment are fully discussed in the defendant's direct appeal to this court in *People v. Tooley*, No. 3—96—0416 (1997) (unpublished order under Supreme Court Rule 23). Only those facts that are necessary to an understanding of the instant appeal will be set forth here.

The defendant was indicted on four counts of theft by deception, but the State dismissed count III. According to the evidence adduced at trial, the defendant convinced three elderly victims to write checks to him for future home nursing and health care from a nonexistent company. These elderly victims wrote him checks of $3,398, $4,402, and $1,329, respectively. He was convicted of three counts of theft by deception of property exceeding $300, but not exceeding $10,000. 720 ILCS 5/16—1(b)(4) (West 1996). He was sentenced to extended terms on the basis that his victims were 60 years of age or older.

On May 3, 1996, the defendant was sentenced and transferred to Iowa to serve a sentence previously imposed in that state. On May 8, 1996, he filed his notice of direct appeal. In that appeal, we affirmed his conviction and sentence.

His petition for leave to appeal to the Illinois Supreme Court was denied on April 1, 1998. *People v. Tooley*, 177 Ill. 2d 584, 698 N.E.2d

548 (1998). On September 20, 1999, the defendant filed a *pro se* post-conviction petition. In his petition, he argued that his due process rights were violated because (1) the State failed to prove one of the elements of the crime beyond a reasonable doubt, (2) the court erred by imposing a consecutive sentence because the offenses were committed as part of a single course of conduct, (3) his extended-term sentences were void under a theory of disproportionality, (4) his extended-term sentences subjected him to double jeopardy because the same aggravating factor was used both to enhance and to extend the term of his sentence, (5) his trial counsel was ineffective, and (6) his appellate counsel was ineffective for failing to allege ineffectiveness of trial counsel.

The trial court appointed counsel and docketed the petition for further proceedings. The State moved to dismiss the petition as untimely and on waiver grounds. Through his counsel, the defendant filed a supplemental affidavit in support of the petition. In this affidavit, the defendant alleged that he was not culpably negligent for filing his petition late because (1) he was incarcerated in Iowa from the date he was sentenced, May 3, 1996, until January 28, 1999, when he was transferred from Iowa to Illinois, and he had no access to a law library that contained Illinois law during that time; (2) after he was transferred from Iowa to Illinois, he did not have access to any law library from January 28 to February 19, 1999; and (3) he did not have access to a law library during several lock-downs in the Illinois prison thereafter. He asserted that he filed his petition as soon as he reasonably could have become aware that he was eligible for postconviction relief in Illinois.

On November 17, 2000, the trial court granted the State's motion to dismiss "based on the statute of limitation theory and the waiver theory." The defendant appealed.

## ANALYSIS

### I. Timeliness

■ No postconviction proceeding shall be commenced more than six months after the denial of a petition for leave to appeal, or three years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence. 725 ILCS 5/122—1(c) (West 2000). This time limit acts as a statute of limitations in which the State may challenge the timeliness of a defendant's petition in a second-stage motion to dismiss. *People v. Wright*, 189 Ill. 2d 1, 723 N.E.2d 230 (1999).

■ A defendant has the burden of establishing that a delay in filing his postconviction petition was not due to his culpable negligence.

*People v. Parham*, 318 Ill. App. 3d 818, 743 N.E.2d 697 (2001). The trial court's determination of culpable negligence will not be disturbed unless it is manifestly erroneous. *People v. Mitchell*, 296 Ill. App. 3d 930, 696 N.E.2d 365 (1998).

Freedom from culpable negligence is very difficult for a defendant to establish. *Parham*, 318 Ill. App. 3d 818, 743 N.E.2d 697. A defendant's allegation that he lacked access to a law library is insufficient to prove lack of culpable negligence. *People v. Lee*, 292 Ill. App. 3d 941, 688 N.E.2d 673 (1997).

Where the record shows that prison lock-downs have deprived the defendant of a meaningful opportunity to prepare his petition in a timely fashion, some delay is excusable. *Mitchell*, 296 Ill. App. 3d 930, 696 N.E.2d 365. In *Mitchell*, however, we held that the defendant failed to allege facts sufficient to show a lack of culpable negligence where his petition was 232 days late and he was on lock-down 103 days during that period.

■ Although the defendant claims that he did not have access to a law library that contained Illinois law while incarcerated in Iowa, this assertion fails to persuade. The defendant did not allege that he was deprived of access to a law library while in Iowa, only that he did not have access to a law library containing Illinois law. Even if he had alleged that he did not have access to any law library while in Iowa, such allegations would have been insufficient to prove lack of culpable negligence. See *Lee*, 292 Ill. App. 3d 941, 688 N.E.2d 673.

The defendant alleges that lock-downs and other events in Illinois further delayed his access to a law library containing Illinois law. These Illinois events could not have deprived him of a meaningful opportunity to prepare his petition in a timely fashion because his petition already would have been late at the time he was transferred from Iowa to Illinois. His petition should have been filed by October 1, 1998, and he was transferred to Illinois on January 28, 1999.

We hold that it was not manifestly erroneous for the trial court to dismiss the defendant's postconviction petition as untimely. Because we affirm the trial court's dismissal of the defendant's postconviction petition as untimely, we need not address his waiver arguments.

## II. Disproportionate Sentences

■ The defendant argues that his extended-term sentences are void because they violate the proportionality provisions of the Illinois Constitution. The State notes that this court has held that matters that could have been raised on direct appeal, but were not, are considered waived. See *People v. Smith*, 136 Ill. App. 3d 300, 483 N.W.2d 655 (1985). However, we have also held that a defendant may

challenge a void sentence at any time. See *People v. Chapin*, 233 Ill. App. 3d 28, 597 N.E.2d 1250 (1992).

In *Chapin*, this court held that the proportionate penalties and due process provisions of the Illinois Constitution (Ill. Const. 1970, art. I, §§ 2, 11) precluded a defendant from being sentenced to an extended-term sentence for theft by deception, based on the aggravating factor that the victim was 60 years of age or older. *Chapin*, 233 Ill. App. 3d 28, 597 N.E.2d 1250.

■ In pertinent part, section 16—1 of the Criminal Code of 1961 (Code) provides:

> "(a) A person commits theft when he knowingly:
> ***
> (2) Obtains by deception control over property of the owner *** [and]
> * * *
> (A) Intends to deprive the owner permanently of the use or benefit of the property[.]
> * * *
> (b) Sentence.
> * * *
> (4) *** [T]heft of property exceeding $300 and not exceeding $10,000 in value, is a Class 3 felony.
> * * *
> (7) Theft by deception, as described by paragraph (2) of subsection (a) of this Section, in which the offender obtained money or property valued at $5,000 or more from a victim 60 years of age or older is a Class 2 felony." 720 ILCS 5/16—1 (West 1996).

In this instance, because the amount taken from each elderly victim was less than $5,000, the trial court was required to sentence the defendant as a Class 3 offender under section 16—1(b)(4), rather than as a Class 2 offender under section 16—1(b)(7). A Class 3 felony carries a sentencing range of two to five years. 730 ILCS 5/5—8—1(6) (West 1996). However, since the victims in this case were over 60 years of age, the trial court determined that the defendant was eligible for extended-term sentences and sentenced him to 10-year extended terms on each of the three counts. 730 ILCS 5/5—5—3.2(b)(4)(ii), 5—8—2(a)(5) (West 1996).

Had the defendant been sentenced as a Class 2 offender under section 16—1(b)(7) of the Code, he would have faced a sentencing range from three to seven years of imprisonment. 720 ILCS 5/16—1(b)(7) (West 1996); 730 ILCS 5/5—8—1(a)(5) (West 1996). An extended term could not be applied to section 16—1(b)(7) because the victim's age

could not be used both as an element of the offense and as an aggravating factor to extend the sentence. *Chapin*, 233 Ill. App. 3d 28, 597 N.E.2d 1250; *People v. Ferguson*, 132 Ill. 2d 86, 547 N.E.2d 429 (1989).

This sentencing scheme leads to the disproportionate result that a defendant who steals more than $5,000 deceptively from an elderly victim could be sentenced to a maximum of 7 years' imprisonment, but a defendant who steals $301 deceptively from an elderly victim could be sentenced to an extended term of 10 years' imprisonment. Under this scheme, a less serious offense receives a greater penalty and a more serious offense receives a lesser penalty. As we stated in *Chapin*, "[t]he policy underlying Illinois' constitutional assurances of proportionate penalties and due process (Ill. Const. 1970, art. I, §§ 2, 11) would be violated if the penalty prescribed for an offense were not as great or greater than the penalty prescribed for a less serious offense." *Chapin*, 233 Ill. App. 3d at 34, 597 N.E.2d at 1254. The remaining question is whether the defendant's sentences are void.

If a trial court imposes a sentence in excess of that permitted by law, the authorized portion of the sentence is not void, but the excess portion of the sentence is void. *In re T.E.*, 85 Ill. 2d 326, 333, 423 N.E.2d 910, 913 (1981). A defendant may attack, and an appellate court may correct, a void sentencing order at any time. *Chapin*, 233 Ill. App. 3d 28, 597 N.E.2d 1250; *People v. Arna*, 168 Ill. 2d 107, 658 N.E.2d 445 (1995). The constitutionality of a statute is a question of law, which we review *de novo. People v. Rhoades*, 323 Ill. App. 3d 644, 753 N.E.2d 537 (2001).

■ As in *Chapin*, the present defendant's extended-term sentences were unauthorized by the Illinois Constitution's proportionality provisions. Sentences unauthorized by the Illinois Constitution are sentences not permitted by law and are therefore void. Because the extended portions of the defendant's sentences are void as a matter of law, they could be attacked at any time regardless of waiver or the untimeliness of his postconviction petition.

Because the defendant's extended-term sentences were unauthorized by the Illinois Constitution, we exercise our appellate powers to reduce the punishment imposed by the trial court to nonextended-term sentences. 134 Ill. 2d R. 615(b)(4).

## CONCLUSION

For the foregoing reasons, we reduce the defendant's sentence for count I to five years of imprisonment to be served concurrently to a five-year prison sentence for count IV. These sentences are to be served

consecutively to a five-year prison sentence for count II. We otherwise affirm the judgment of the Peoria County circuit court.

Affirmed as modified.

LYTTON, P.J., and HOLDRIDGE, J., concur.